**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



**ORDER**

Appellate case name:        Joe  Escobedo v. The State of Texas

Appellate case number:    01-20-00253-CR

Trial court case number:   18-CR-3020

Trial court:                        212th District Court of Galveston County

On December 20, 2022, this Court issued an order.  We now withdraw that order and issue this order in its place.

Appellant was convicted of the offense of arson and was sentenced to 40 years in the Institutional Division of the Texas Department of Criminal Justice.  Appointed counsel on appeal filed an *Anders* brief and a motion to withdraw.  The State filed a brief waiver.  Although appellant filed a request for access to the record, which was granted, appellant did not file a pro se response to the *Anders* brief filed by appointed counsel.  The case was submitted on the briefs on June 21, 2022.

On July 26, 2022, this Court struck the *Anders* brief, determining that the brief did not demonstrate a conscientious examination of the record, and ordered appointed counsel to file a new brief within 30 days.  Appointed counsel has not complied with this Court's order.  Counsel has filed no new brief and has not requested an extension of time to file the new brief.

Accordingly, we must **abate** this appeal and **remand** the case to the trial court for a hearing. *See* TEX. R. APP. P. 38.8(b)(2)–(3).  We direct the trial court to conduct a hearing at which a representative of the Galveston County District Attorney's Office, appointed counsel Thomas Martin, and appellant shall be present.[1]  The trial court shall have a court reporter record the hearing.  The trial court is directed to make appropriate findings on these issues:

(1)    whether appellant wishes to prosecute these appeals; and, if so,

---

1        If appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

(2)  whether appointed counsel Martin has abandoned the appeal by failing to timely file the brief ordered by this Court;

(3)  and, if appointed counsel has abandoned the appeal, whether appellant is presently

    (a) indigent, in which case the trial court should appoint new appellate counsel at no expense to appellant and establish a date by which counsel will file a brief, **no later than 30 days from the appointment;** or

    (b) not indigent, in which case the trial court should establish a date by which appellant shall retain new counsel;

(4)  or, if appointed counsel Martin has not abandoned the appeal, make appropriate findings and recommendations regarding the reason that counsel has failed to file briefs and **establish a date by which counsel will file appellant's briefs, <u>no later than 30 days from the date of the hearing</u>**.

TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04; TEX. R. APP. P. 38.8(b)(2), (3), (4).

The trial court shall cause a supplemental clerk's record containing its findings and recommendations, including the name, address, telephone number, and State Bar number of any substitute counsel, and the reporter's record of the hearing to be filed in this Court **no later than January 30, 2023.** If the hearing is conducted by video teleconference, a certified video recording of the hearing shall be filed in this Court no later than January 30, 2023.

The case is removed from the submission docket and will be resubmitted at a later date.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record that complies with this order, and the reporter's record of the hearing, have been filed in this Court. The trial court coordinator shall set a hearing date and notify the parties and the Clerk of this Court of such date**.**

It is so ORDERED.

Judge's signature: ____/s/ Peter Kelly_____

        ☑ Acting individually    ☐ Acting for the Court

Date: __December 30, 2022_____